142 So.2d 923

**C. M. KELSOE**

v.

**Herman SPEEGLE.**

6 Div. 622.

Supreme Court of Alabama.

June 21, 1962.

508

Robt. A. Sapp, Cullman, for appellant.

St. John & St. John, Cullman, for appellee.

GOODWYN, Justice.

Appeal by one of the respondents (C. M. Kelsoe) from a decree of the circuit court of Cullman County, in equity, overruling his demurrer to appellee's amended bill of complaint seeking the establishment of a disputed boundary line between said parties' tracts of land. Code 1940, Tit. 47, § 2 et seq. The other respondent (Harold H. Kelton) has not appealed from the decree overruling his demurrer to the bill and has not joined in the appeal. The appeal was taken prior to passage of Act No. 72, appvd. Sept. 15, 1961, Laws 1961, Sp.Sess., p. 1947, amending § 755, Tit. 7, Code 1940, and providing that a decree overruling or sustaining a demurrer to a bill or cross-bill in equity is not appealable.

The ground of demurrer relied on by appellant is that there is no equity in the bill.

One insistence is that the bill lacks equity in failing to allege that a dispute exists as to the correct line. A reading of the bill, which includes an agreement between appellant and appellee with respect to having said line established by V. H. Padgett, a registered engineer, dispels any doubt that the bill sufficiently alleges a dispute as to the location of the boundary line.

The bill sets out the description of each parcel of land according to the government survey, as does also the said agreement between appellant and appellee, made an exhibit to the bill. Appellant argues that the bill "is not aided by the exhibit * * * since it does not appear therein that the surveyor was to find the correct dividing line"; that "failing to so direct said surveyor to find the correct dividing line leaves the agreement null and void as an abortive attempt to relocate the government's survey so far as the parties attempt to agree that the survey of V. H. Padgett will be conclusive upon the parties" and "to bind the court to the survey of said surveyor" whether or not "the survey established is the correct government subdivision line"; and that "the court is called on to establish the surveyor's line rather than to establish the correct government subdivision line."

As we read the bill, including the exhibited agreement, it seeks only to locate

the government survey line which runs between the two tracts of land. We do not think the equity of the bill is dependent upon the validity of the agreement, and find no need to discuss its validity on this appeal. Moreover, it is to be noted that the agreement describes the two tracts according to the government survey, recites that the parties "are coterminous land owners and a dispute exists between them as to the true dividing line between their said land as described aforesaid," and contains the following provision:

> "Parties agree to employ V. H. Padgett, Registered Engineer, to survey said dividing line so as to establish said line from a point of beginning, as established section corner, and to place permanent monuments in concrete along the half section line dividing the lands of the parties hereto."

It is to be noted, also, that the relief prayed for is not confined to establishment of the line according to Padgett's survey, but that the court enter a decree establishing the boundary line. Thus, the work cut out for the trial court will be to determine the location of the government survey line running between the two tracts of land. (There is no question of a different line being established by adverse possession.) The line as run by Padgett might or might not be such line. That, of course, is something the trial court must determine. To that end, Code 1940, Tit. 47, § 5, provides that the court "may * * * direct a competent surveyor or surveyors to make a survey for the purpose of * * * locating the position of a line of the government survey."

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.